# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

**Abdul K. Hassan, Esq.**                                              Tel: 718-740-1000
Email: abdul@abdulhassan.com                                           Fax: 718-740-2000
*Employment and Labor Lawyer*                                     Web: www.abdulhassan.com

**September 14, 2020**

**Via ECF**

Hon. Debra C. Freeman, USMJ
United States District Court, SDNY
40 Foley Square,
New York, NY 10007
Tel: 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

<u>**Re: Royce Bevel v. Dairyland USA Corporation**</u>
       **Case No.  20-CV-00803 (AJN)(DCF)**
       **Motion for Settlement Approval**

Dear Magistrate-Judge Freeman:

My firm represents plaintiff Royce Bevel ("Plaintiff" or "Bevel") in the above-referenced action, and I respectfully write to seek approval of the settlement in this action as per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 207 (2d Cir. 2015). Defendants and Plaintiff all join in urging this Court to approve the settlement as fair and reasonable – Plaintiff writes in support of the motion. Exhibit 1 is a fully executed copy of the settlement agreement.

Plaintiff's claims in this action are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brought claims to recover unpaid overtime wages, under the FLSA and NYLL. Plaintiff also seeks to recover penalties for violation of the wage statement and wage notice violations of the NYLL.

In general, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. Moreover, the allegations and claims were further refined after extensive discussions, and exchange of information.

Assuming, for settlement purposes only at this time, that Defendants overcome any contrary presumptions, and the weekly wages were intended to cover all hours worked,

Plaintiff's effective hourly rate would be about $18.64/hr. and he would be owed about $9.32 per overtime hour – or about $172.42/wk. Plaintiff was employed by Defendant from on or about September 16, 2019 to on or about December 30, 2019. The complaint in this action was filed on January 30, 2020. (See ECF No. 1).

We therefore have unpaid overtime wages of about $172.42/wk. x 14wks = $2,413.88 and spread of hour wages of approximately $872.76. Defendant may also be able to avoid the imposition of liquidated damages if it proves a good-faith affirmative defense. Defendant also disputes the work hours alleged by Plaintiff. In general Defendant denies Plaintiff's allegation that he is owed wages.

Assuming Plaintiff prevails on his wage notice and wage statement violations he could be entitled to another $9,200 maximum. The law as to the wage notice and wage statement claims is not settled – recovery under these claims is also not protected by the FLSA – these are NYLL claims. Plaintiff was provided with wage statements – there may be a technical dispute as to whether the wage statements were fully compliant.

Even though releases are typically limited under *Cheeks*, the wider releases are appropriate in this case - Plaintiff is also receiving a release from Defendants. Specifically, the general release by Plaintiff in favor of Defendant is proper because Defendant is giving Plaintiff a general release for real issues that go beyond the wage and hour claims. For example, Plaintiff's termination was under review and he may have asserted wrongful termination claims. As such, claims beyond the wage and hour claims, including potential termination claims, were also the subject of the settlement discussions and the settlement amount is more than it would have been because of the general release bargained for. See i.e. See i.e. *Kumar v. Astoria Center Inc. et al*, Case No. 19-cv-02497 (Magistrate-Judge Bulsara, April 22, 2020)(approving mutual general releases under *Cheeks*). See also *Mantalis v. Polo Soap Supplies, Inc. et al*, Case No. 19-cv-00477 (Magistrate-Judge Gold)(EDNY - January 13, 2020) (approving mutual general releases under *Cheeks*); *Hixholli v. Aqua 3065 GC LLC et al*, Case Number 19-CV-05654, ECF No. 35, page 2 ¶ 1, (Judge Netburn - SDNY, November 25, 2019)(approval of FLSA settlement agreement with mutual releases); *Contreras v. GM6 Residential Services, LLC et al*, Case No. 18-CV-12148, ECF No. 23-24, (May 23, 2019)(approval of FLSA settlement agreement with mutual releases); *Hidalgo v. Villiford Realty Corporation*, Case No. 18-CV-10017, ECF No. 23, (April 22, 2019)(approval of FLSA settlement agreement with mutual releases).

The total settlement amount is $32,500. (See Ex. 1 ¶ 2). Under the settlement, Plaintiff is due to receive $21,355 (See Ex. 1 ¶ 1(b)(i)-(ii))) after costs and a 1/3 contingency fee. (See Ex. 1 ¶ 1(c)).  See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). See also *Fisher v. SD Prot. Inc.,* 18-2504-CV --- F.3d ----  2020 WL 550470 (2d Cir. Feb. 4, 2020)(relying on "the text and purpose of the FLSA, as well as longstanding case law interpreting other similar fee-shifting statutes in the civil rights context," in applying the FLSA under Cheeks. – such longstanding case law includes the application of *Venegas* which holds that fees that a plaintiff owed his counsel is govern by the retainer agreement and not by statutory fee-shifting provisions).

Plaintiff's counsel is due to receive reimbursement of Four Hundred and Sixty-Eight Dollars ($468) in filing ($400), and service costs ($68), plus a 1/3 contingency fee of Ten Thousand, Six Hundred and Seventy-Seven Dollars ($10,677) (Ex. 1 ¶ 2(b)(iii))[1].

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See *Hixholli v. Aqua* 3065 GC LLC et al, Case Number 19-CV-05654 (Judge Netburn - SDNY, November 25, 2019)(Approving a 1/3 contingency fee of about $15,000 under *Cheeks*); *Knights v. Novitex Enterprise Solutions, Inc. et al*, 17-CV-9359, ECF No. 43, (Magistrate-Judge Netburn - August 30, 2018)(Approving a 1/3 contingency fee of about $15,000 under *Cheeks*); *Gosyne v. Ace Inspection and Testing Services Inc. et al*, Case No. 17-CV-07364 (Magistrate-Judge Reyes - EDNY July 19, 2018)(approving a 1/3 fee of $14,700 under *Cheeks*); *Elahi v. Metropolitan Garment Cleaning Inc. et al*, Case No. 18-CV-02372 (Judge Reyes – R&R November 13, 2018)(approving a 1/3 fee of $13,047 under *Cheeks*); *Romard v. Gateway Arms Management Corp.*, Case No. 18-CV-03185 (Magistrate-Judge Reyes - September 6, 2018)(approving a 1/3 fee of $11,666 under *Cheeks*); *Hosein v. Universal Elevator Inc. et al,* Case No. 17-cv-07597-(Judge Cogan)(approving a 1/3 percentage fee of $16,995 under *Cheeks*); *Andrea Carter v. Long Island Care Center, Inc.*, Case No.15-cv-4058 (PKC)(VMS), (February 19, 2016 text only order – approving a 1/3 fee of approximately $26,000); *Hysa et al v. Midland Electrical Contracting Corp. et al*, Case No. 13-CV-6837 (Chief Magistrate-Judge Mann, January 2016 - approving 1/3 fee of $103,607.94); *Palermo v. Efficient Staffing Solutions LLC et al*, 17-CV-00658 (Magistrate-Judge Reyes – EDNY)(1/3 fee of $9,815 under *Cheeks*); *Kevin Lynch v. Consolidated Edison, Inc.*, Case No. 16-CV-1137, ECF No. 37 (Judge Furman - approving 1/3 fees of $14, 826)("the Court sees no basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and his attorney."); *Persaud v. Consulate General of Guyana in New York et al*, Case No. 16-cv-01755 (Magistrate-Judge Peck - SDNY)(approving 1/3 fees of $23,080 under *Cheeks*); *Bumagin v. The Mount Sinai Medical Center, Inc.* et al, Case No.16-cv-08783, ECF No. 40, (SDNY – Judge Gorenstein)(1/3 fee of $14,000 under *Cheeks*); *Rivera v. Golden Krust Caribbean Bakery Inc.*, Case No. 16-cv-09219 (Magistrate-Judge Pitman) (1/3 fee of $16,666 under *Cheeks*); *Kirkland v. ASA College, Inc. et al*, 16-cv-02908 (Magistrate-Judge Levy – EDNY)(1/3 fee of $12,978 under *Cheeks*); *Domenech v. Parts Authority, Inc.* 15CV-3595, ECF No. 41, 42 (ILG - EDNY) (approving $35,000 in

---

[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

　　The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel."

3

damages and $70,000 in fees and costs under *Cheeks*); *Jones v. Bryant Park Market Event LLC*, 13-CV-1369, ECF Entry of 10/24/2016 (AJP - SDNY).

      In the circumstances of this case, the settlement is fair and reasonable for several reasons. First, Defendant disputes liability and if a jury believes Defendant, Plaintiff may receive nothing or a lot less. Second, the amount Plaintiff is due to receive under the settlement is not insignificant in relation to the wages claimed and in light of the legal and factual issues. Third, there appears to be a desire by all parties to resolve the case early and avoid the significant financial and non-financial costs/harms of litigation.

      Therefore, it is respectfully requested that this Honorable Court approve the settlement agreement as fair and reasonable under the FLSA and *Cheeks*.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:**    **Defense Counsel via ECF**