# SETTLEMENT AGREEMENT AND RELEASE

Dairyland USA Corporation ("Defendant"), and Royce Bevel ("Bevel"), both desiring to avoid the costs, risks, and delays associated with litigation and to fully and finally resolve any and all possible wage-and-hour disputes between them, hereby agree as follows:

1. **Definition of Parties**.

    a.  As used herein, the term "Plaintiff" shall be defined as Royce Bevel, and all affiliated persons or entities, including, but not limited to, his present or former domestic partner, spouse, dependents, heirs, assigns, successors, estate, creditors, debtors, counsel, and any other persons or entities affiliated with or related to Bevel. If an obligation or right is that of Bevel personally, he will be referred to herein as "Bevel."

    b.  As used herein, the term "Defendant" shall be defined as Dairyland USA Corporation.

    c.  As used herein, the terms "Action" or "Lawsuit" refer to the lawsuit filed by Bevel against Dairyland USA Corporation on January 30, 2020, in the United States District Court, Southern District of New York, with Civil Action #: 20-CV-00803 (AJN)(DCF).

2. **Consideration**. In consideration for Bevel's signing this Agreement and the release of claims as set forth in Paragraph 4, Defendant Dairyland USA Corporation agrees to pay Bevel the sum of Thirty-Two Thousand, Five Hundred Dollars ($32,500), in full and final settlement of all issues raised in the Action (the "Settlement Amount"), according to and conditioned upon the following terms:

    a.  Within five (5) business days after the date Defendant's Counsel receives this Agreement, fully executed and signed by Plaintiff, and the Stipulation of Dismissal with Prejudice, in the form annexed hereto as "Exhibit A" (the "Stipulation"), executed by Plaintiff's counsel of record, Defendant's counsel of record in the Action will file the Agreement, a joint letter prepared by the parties in support of same (pursuant to Section 5.A of Judge Nathan's Individual Rules in Civil Cases), and the Stipulation to the docket of the Action for the Court's approval.

    b.  Provided that: (i) the Agreement is executed by Plaintiff; (ii) the Stipulation is executed by Plaintiff's counsel of record; (iii) an IRS Form W-4 is executed by Plaintiff; (iv) IRS Forms W-9 are executed by Plaintiff and Plaintiff's Counsel, respectively; and (v) the executed Agreement, the executed Stipulation, the executed IRS Form W-4, and the executed IRS Forms W-9 are provided to Defendant's Counsel, the Settlement Amount shall be distributed as follows:

        i.  Within thirty (30) days of the Court's approval of the Agreement and entry of an Order approving the settlement, in payment of Plaintiff's alleged wage claims, Defendant shall cause to be tendered

1

      a check made payable to "Royce Bevel" in the amount of Ten Thousand, Six Hundred, Seventy-Seven Dollars and Zero Cents ($10,677), less applicable taxes and withholdings, to be reported on an IRS Form W-2.

    ii. Within thirty (30) days of the Court's approval of the Agreement and entry of an Order approving the settlement, in payment of alleged liquidated and other damages, Defendant shall cause to be tendered a check made payable to "Royce Bevel" in the amount of Ten Thousand, Six Hundred, Seventy-Eight Dollars and Zero Cents ($10,678) to be reported on an IRS Form 1099.

    iii. Within thirty (30) days of the Court's approval of the Agreement and entry of an Order approving the settlement, in payment of Plaintiff's alleged wage claims, Defendant shall cause to be tendered a check made payable to "Abdul Hassan Law Group, PLLC," in the amount of Eleven Thousand One Hundred Forty-Five Dollars and Zero Cents ($11,145), representing a 1/3 contingency fee ($10,677) plus costs ($468) to be reported on an IRS Form 1099.

    c. The payments to Bevel and Abdul Hassan Law Group, PLLC shall be sent by overnight delivery to the office of Bevel's counsel Abdul K. Hassan, Esq., located at 215-28 Hillside Avenue, Queens Village, NY 11427.

    d. Dairyland USA Corporation shall issue to Bevel and to Abdul Hassan Law Group, PLLC Forms W-2 and 1099, as appropriate, properly reflecting the total sum of payments made to each recipient pursuant to Paragraph 2 of this Agreement. Defendant makes no representations or warranties with respect to the tax consequences of the payment of any sums to Bevel and Abdul Hassan Law Group, PLLC under the terms of this Agreement. Bevel and Abdul Hassan Law Group, PLLC agree to hold Defendant harmless for any liability arising directly out of sums paid hereunder by Dairyland USA Corporation.

    3. **No Consideration Absent Execution of This Agreement**. Plaintiff understands and agrees he would not receive the monies and/or benefits specified in Paragraph 2 above, absent his execution of this Agreement and the discontinuance of the Action with prejudice, and that he accepts the Settlement Amount as adequate and as the full, final, and complete settlement of all possible claims which he has or might have, as described in Paragraph 4 of this Agreement.

    4. **Release of Claims by Plaintiff**. In return for the payments identified in paragraph 2, Plaintiff knowingly and voluntarily releases and forever discharges Defendant Dairyland USA Corporation, The Chefs' Warehouse, Inc., and their respective subsidiaries and affiliates (the "Releasees"), of and from any and all claims, causes of action, or charges, whether known or unknown, suspected or not, fixed or contingent, and in law or in equity, of any kind, nature, and character, which concern Plaintiff's allegations as set forth in the Action (including unpaid wages, overtime, spread-of-hours, liquidated damages, interest, and/or statutory penalties)

purportedly owed to Plaintiff under the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), or any other law, regulation, or ordinance regulating the payment of wages, recordkeeping requirements under the FLSA or NYLL, and the provision of documents to employees under the FLSA or NYLL, which Plaintiff, his heirs, executors, administrators, agents, successors, and assigns, has, had, or thereafter can have against Releasees from the beginning of time to the date of this Release, including, but not limited to, any and all claims raised in the Action.

5. **Retention of Rights**. Nothing in this Agreement is intended to, or shall, limit or interfere, in any way, with Plaintiff's right or ability, under federal, state, or local law, to file or initiate a charge, claim, or complaint of discrimination, or any other unlawful employment practice, that cannot legally be waived, or to communicate, with any federal, state, or local government agency charged with the enforcement and/or investigation of claims of unlawful employment practices, including but not necessarily limited to the U.S. Equal Employment Opportunity Commission and any state or city fair employment practices agency. Further, nothing in this Agreement is intended to, or shall, limit or interfere, in any way, with Plaintiff's right or ability to participate in or cooperate with any investigation or proceeding conducted by any such agency. Plaintiff and Defendant acknowledge and agree that Plaintiff's right and ability to engage and participate in the activities described in this paragraph shall not be limited or abridged, in any way, by any term, condition, or provision of, or obligation imposed by, this Agreement. Plaintiff and Defendant further acknowledge and agree that nothing in this Agreement is intended to deter Plaintiff from engaging or participating in any of the activities described in this paragraph. To the extent that any term or condition of this Agreement is inconsistent with this paragraph of the Agreement, this paragraph shall supersede and invalidate such term or condition to the extent necessary to ensure that Plaintiff's rights under federal, state, and local law are fully protected and guaranteed. Notwithstanding the foregoing, Plaintiff understands that the waivers and releases in this Agreement shall be construed and enforced to the maximum extent permitted by law.

However, Plaintiff also understands and acknowledges that, by signing this Agreement, Plaintiff has completely waived his right to receive any individual relief, including monetary damages, in connection with any such claim, charge, complaint, investigation, or proceeding, and if he is awarded individual relief and/or monetary damages in connection therewith, he hereby unconditionally assigns to Defendant, and shall undertake all measures necessary to effectuate the assignment of, any right or interest he may have to receive such individual relief and/or monetary damages.

6. **Acknowledgments and Affirmations**.

a. Plaintiff affirms that in the Action he has asserted a claim in seeking unpaid wage or overtime pay under the FLSA, the NYLL, and/or any other law, regulation or basis and affirms that there is a bona fide dispute as to such FLSA claims which are being settled and released by this Agreement.

b. Plaintiff believes that this settlement is fair and reasonable, and authorizes his attorney to seek from the Court approval of the settlement as fair and reasonable under the FLSA, and dismissal of the Action with prejudice.

       c.    **Neutral Reference.** As it relates to Bevel's procurement from Dairyland USA Corporation of a written or oral professional reference, Dairyland USA Corporation agrees to strictly adhere to its neutral reference policy, which is to only provide dates of employment and a list of position(s) held.

       7.    **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions. In the event that the Plaintiff or Defendant breaches any provision of this Agreement, Plaintiff and Defendant affirm that the non-breaching party may institute an action to specifically enforce any term or terms of this Agreement. If any provision of this Agreement is declared illegal or unenforceable by any court of competent jurisdiction, the parties agree the court shall have the authority to modify, alter or change the provision(s) in question to make the Agreement legal and enforceable. If this Agreement cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. If the release language is found to be illegal or unenforceable, Plaintiff and Defendant agree to execute a binding replacement release(s).

       8.    **Amendment**. Except as provided in Paragraph 6 above, this Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement. E-mail correspondence does not constitute a writing for the purposes of this provision.

       9.    **Resolution of Disputes**. The parties agree that the Court in this action shall retain jurisdiction to resolve any disputes arising out of this Settlement Agreement and the settlement of this action.

       10.    **Non-admission of Wrongdoing**. The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

       11.    **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiff's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreement's contents.

       12.    **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

       13.    **Legal Fees**. Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

14. **Assignability.** This Agreement shall not be assignable by Plaintiff but it shall be binding upon his heirs, executors, administrators, agents, and legal representatives. This Agreement shall be freely assignable by Defendant, without restriction, and shall be deemed automatically assigned by Defendant with Plaintiff's consent in the event of any sale, merger, share exchange, consolidation, or other business reorganization. This Agreement shall be binding upon, and shall inure to the benefit of, Defendant's successors and assigns.

15. **Authority**. Each of the Parties respectively represents and warrants that it is fully authorized to enter into the terms and conditions of, and to execute and be bound by, this Agreement. In addition, each person whose signature appears hereon warrants and guarantees that (s)he has been duly authorized and has full authority to execute this Agreement on behalf of the person, persons, or entity on whose behalf this Agreement is executed.

16. **Joint Participation in Preparation of Agreement.** The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

17. **Competency to Waive Claims**. At the time of considering or executing this Agreement, Bevel was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Bevel is competent to execute this Agreement and knowingly and voluntarily waives his claims against Defendant, as set forth in Paragraph 4, and enters into this Agreement.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

**PLAINTIFF:**

**ROYCE BEVEL**

By: _____(DocuSigned by: 0D9AD7EC7182429...)_____

Date: 8/7/2020

**DEFENDANT:**

**DAIRYLAND USA CORPORATION**

By: _Alexandros Aldous_

Print Name  Alexandros Aldous

Title  General Counsel & Corporate Secretary

Date: 08/12/20

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROYCE BEVEL, Individually, and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>-against-<br><br>Dairyland USA Corporation,<br><br>      Defendant. | No. 1:20-CV-00803 (AJN) |

### STIPULATION OF DISMISSAL WITH PREJUDICE

**IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiff and Defendant through their undersigned counsel that, in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, therefore, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) and the parties' compliance therewith, and upon the Court's approval of the parties' settlement agreement in this matter, the Complaint in the above-captioned action and all claims alleged therein be dismissed with prejudice in its entirety with no award of attorneys' fees, costs, or disbursements to either Plaintiff or Defendant by the Court, except as provided in the Settlement and Release Agreement executed by Plaintiff and Defendant (the "Agreement"); and further that Plaintiff is precluded from bringing any further claims under the Fair Labor Standards Act or New York Labor Law, or any federal, state, or local law, for unpaid wages, including overtime pay and spread of hours pay, for the period set forth in Plaintiff's Complaint.

**IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

Dated: New York, New York
August **11**, 2020

| | |
|---|---|
| **ABDUL K. HASSAN, ESQ.** | **REED SMITH LLP** |
| By: *[signature]* <br> Abdul Karim Hassan <br> 215-28 Hillside Avenue <br> Queens Village, N.Y. 11427 <br> (718) 740-1000 <br> *Attorneys for Plaintiff* | By: */s/ Cindy Schmitt Minniti* <br> Cindy Schmitt Minniti <br> Alexandra C. Manfredi <br> 599 Lexington Avenue <br> New York, N.Y. 10022 <br> (212) 521-5400 <br> *Attorneys for Defendant* |

**SO ORDERED:** _____

Hon. Alison J. Nathan, U.S.D.J.